## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Joseph Walker & Company, Inc.,<br><br>       Debtor(s). | C/A No. 10-01948-JW<br><br>Adv. Pro. No. 11-80023-JW<br><br>Chapter 7<br><br>**ORDER** |
| Arabi Gin Co.<br>BCT Gin Co., Inc.<br>Coley Gin & Fertilizer Co.<br>Jones County Cotton Gin, Inc.<br>Henry County Gin, LLC,<br><br>       Plaintiff(s),<br><br>v.<br><br>Plexus Cotton, Ltd.<br>Plexus Cotton USA, Inc.<br>Nicholas Peter Francis Earlam<br>Forester Adams<br>Dave McCarthy<br>Edward Clarke<br>J. Walker Clarke<br>J. Walker Clarke<br>Lawrence Fritz<br>Joseph Pearson<br>Joseph Walker & Co., Inc.,<br>J. Walker Clarke<br>Mark English<br>Laurence Kirby,<br><br>       Defendant(s). | |

Defendant Nicholas Peter Francis Earlam brings this matter before the Court upon a Motion for a Protective Order (the "Motion") pursuant to Fed. R. Civ. P. 26(c)[1] as to the time and location of a deposition noticed by Plaintiffs pursuant to Rule 30(b).[2]  Plaintiffs sought to

---

[1] Further references to the Federal Rules of Civil Procedure will be by rule number only.
[2] Rules 26(c) and 30(b) are made applicable to these proceedings by Federal Rules of Bankruptcy Procedure 7026 and 7030.

depose Earlam—a resident of the United Kingdom—in Columbia, South Carolina. Earlam contends that requiring him to be deposed in South Carolina would significantly disrupt his business and personal affairs. Earlam requests that he be deposed in Liverpool, United Kingdom, which is where he resides and serves as the chairman of the board and as a high-level executive for Defendant Plexus Cotton, Ltd. ("Plexus").[3]

The events giving rise to this adversary proceeding are extensive and complicated. The Complaint summarizes these events as follows: Debtor entered into a number of contracts in late 2007 and early 2008 to purchase a large amount of cotton from Plaintiffs, with delivery to take place at a later time. Due to extreme volatility in the commodities market during 2008, Debtor was ultimately rendered insolvent because of various market positions it held at that time. Subsequently, Debtor failed to honor its contractual obligations to Plaintiffs, and Plaintiffs contend that they suffered significant losses as a result.

The Complaint alleges that Defendant Plexus, as the majority owner of Debtor, controlled Debtor's affairs, which included taking actions that caused Debtor to become insolvent. In seeking compensatory damages of $10,687,356.72 and punitive damages of $100,000,000.00, Plaintiffs contend that Debtor was essentially the alter ego of Plexus and that Debtor's financial condition and Defendants' wrongful conduct warrant a piercing of Debtor's corporate veil in order to hold Plexus and its agents and subsidiaries liable for damages. As additional causes of action, the Complaint asserts a breach of fiduciary duties owed by Debtor's board to Debtor's creditors, breach of contract, fraud, negligent misrepresentation, civil conspiracy, tortious interference with contractual obligations, and promissory estoppel. The Complaint further requests that a constructive trust be placed on Defendants' assets based on the alleged unlawful

---

[3] The Rule 30(b)(1) Notice of Deposition sent to Earlam did not specify whether Plaintiffs sought to depose him as an individual or whether Plaintiffs were attempting to depose Defendant Plexus through Earlam in his role as an executive and chairman of the board, or both.

conduct.  Earlam, in his role as an executive and chairman of the board at Plexus and former board member of Debtor, is painted as the primary force behind the actions that gave rise to this adversary proceeding.

Earlam filed the Motion seeking a protective order that requires Plaintiffs to depose him in Liverpool, where he lives and where Plexus and its employees are located.  He submits that Plaintiffs have not overcome the presumption that a defendant who is not a resident of the forum is to be deposed where the defendant resides.  In support of his contention, Earlam filed an affidavit stating that he has no business interests or business reasons to travel to South Carolina and that requiring him to do so would impose a hardship on his personal affairs as well as disrupt Plexus' operations.  Conversely, Plaintiffs allege that the factors of cost, convenience, and litigation efficiency favor holding the deposition in South Carolina.  Plaintiffs additionally argue that holding the deposition in South Carolina would better preserve the Court's ability to preside over any discovery disputes, and that because Earlam played a central role in the alleged wrongdoing, the equities favor Plaintiffs' choice of forum for the deposition.

## I.    Applicable Standards

Neither the Federal Rules of Civil Procedure nor the Local Bankruptcy or District Court Rules specify where a deposition is to take place.  Rule 30 governs oral depositions and specifies that reasonable written notice must be given to every other party and "must state the time and place of the deposition."  Rule 30(b)(1).  Rule 26(c), which governs motions for protective orders, states that a "court may, for good cause, issue an order to protect a party or person from . . . undue burden and or expense," including "specifying terms, including time and place, for the disclosure or discovery."  Rule 26(c)(1)(B).  Rules 30(b) and 26(c) act in concert, as "the examining party may set the place for the deposition of another party wherever he or she wishes

subject to the power of the court to grant a protective order under Rule 26(c)(1)(B) designating a different place."  8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2112 (3d ed. 2012).  Courts are accordingly given broad discretion to manage discovery and make discovery rulings.  See United States v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002) ("We afford substantial discretion to a district court in managing discovery . . . ."); Botkin v. Donegal Mut. Ins. Co., Civil Action No. 5:10cv00077, 2011 WL 2447939, at *8 (W.D. Va. June 15, 2011) ("Courts have broad discretion to determine the appropriate location for a deposition.") (citing Armsey v. Medshares Mgmt. Servs., Inc., 184 F.R.D. 569, 571 (W.D. Va. 1998)).

Generally, a plaintiff, by choosing the forum in which an action is brought, will be required to make himself or herself available to be deposed in the forum district.  See In re Outsidewall Tire Litig., 267 F.R.D. 466, 471 (E.D. Va. 2010); Wright & Miller, supra, § 2112 ("Ordinarily, plaintiff will be required to make himself or herself available for examination in the district in which suit was brought.").  On the other hand, "a non-resident defendant ordinarily has no say in selecting a forum," and thus "an individual defendant's preference for a situs for his or her deposition near his or her place of residence—as opposed to the judicial district in which the action is being litigated—is typically respected."  In re Outsidewall Tire Litig., 267 F.R.D. at 471; see also Wright & Miller, supra, § 2112 ("[C]ourts are more willing to protect defendant from having to come to the forum for the taking of his or her deposition than they are in the case of plaintiffs.")  The same general rule that applies to depositions of individual defendants also applies to corporations, in that a deposition of a defendant corporation through its officers is to take place at the corporation's principal place of business or where the officers reside.  Connell v. Biltmore Sec. Life Ins. Co., 41 F.R.D. 136, 137 (D.S.C. 1966); Wright & Miller, supra, § 2112

(citing cases).    These general rules create "an initial presumption that a defendant should be deposed in the district of his residence or principal place of business."  <u>Armsey</u>, 184 F.R.D. at 571 (citing <u>Turner v. Prudential Ins. Co. of Am.</u>, 119 F.R.D. 381, 383 (M.D.N.C. 1988)); <u>see also</u> <u>Farquhar v. Shelden</u>, 116 F.R.D. 70, 72 (E.D. Mich. 1987) ("[C]ourts have held that plaintiffs normally cannot complain if they are required to take discovery at great distances from the forum.") (citing <u>Work v. Bier</u>, 107 F.R.D. 789, 792 (D.D.C. 1985)).

To overcome the presumption that a defendant should be deposed where he or she resides or at its principal place of business, circumstances must exist "distinguishing the case from the ordinary run of civil cases." <u>In re Outsidewall Tire Litig.</u>, 267 F.R.D. at 472 (citing <u>Salter v. Upjohn Co.</u>, 593 F.2d 649, 651–52 (5th Cir. 1979)).  Moreover, "the plaintiff has the affirmative burden of demonstrating 'peculiar' circumstances which compel the Court to suspend the general rule" of holding depositions where defendants are located.  <u>Sloniger v. Deja</u>, No. 09-CV-858S, 2010 WL 5343184, at *4 (W.D.N.Y. Dec. 20, 2010) (citation omitted).   To determine if the circumstances of a case warrant departing from the general presumption, courts look at a number of factors, including:

> (1) location of counsel in the forum district;
> (2) the number of corporate representatives to be deposed;
> (3) the likelihood that significant discovery disputes will arise and necessitate resolution by the forum court;
> (4) whether the persons sought to be deposed often engage in travel for business purposes; and
> (5) the equities with regard to the nature of the claim and the parties' relationship.

<u>Botkin</u>, 2011 WL 2447939, at *8 (citing <u>Armsey</u>, 184 F.R.D. at 571); <u>see also</u> <u>Nat'l Cmty. Reinvestment Coal. v. Novastar Fin., Inc.</u>, 604 F. Supp. 2d 26, 31–32 (D.D.C. 2009) (citing <u>Turner</u>, 119 F.R.D. at 383).

The Court notes that the factors set out in <u>Botkin</u> and <u>Armsey</u> are usually applied to determine whether a corporate defendant, through its officers, ought to be deposed at its principal place of business.[4]  It is not entirely clear from the record whether Plaintiffs seek to depose Earlam as an individual or in his capacity as a Plexus executive, but it appears that both are likely.  Nonetheless, with the exception of the second factor, the other factors can be readily applied to a situation where an individual defendant seeks to be deposed where he resides and not in the forum state.  Courts have in fact applied similar factors in these circumstances.  <u>See Robert Smalls Inc. v. Hamilton</u>, No. 09 Civ. 7171(DAB)(JLC), 2010 WL 2541177, at *1–*3 (S.D.N.Y. June 20, 2010) (applying factors of convenience, which included convenience of counsel, where individual defendant resided, and the extent to which travel to the forum would disrupt defendant's affairs, as well as cost and litigation efficiency) (citations omitted). Additionally, given that Plexus is a named Defendant and Earlam is a high ranking Plexus executive, his deposition may be important in determining whether Plexus can be held liable on the various causes of action.

## II.    Standards Applied

Plaintiffs contend that the circumstances of this case, including factors of cost, convenience, litigation efficiency, and equities warrant deposing Earlam in South Carolina. While certain factors do weigh in Plaintiffs' favor, the Court cannot conclude at this stage that Plaintiffs have shown this case to be sufficiently peculiar to overcome the general presumption that a defendant is to be deposed where he or she resides or at its principal place of business. While all parties have obtained local counsel, Plaintiffs' lead counsel is located in Memphis, Tennessee, and Defendants' lead counsel is located in New York, New York.  Consequently,

---

4 <u>See</u>, <u>e.g.</u>, <u>Botkin</u>, 2011 WL 2447939, at *7–*9; <u>Cadent Ltd. v. 3M Unitek Corp.</u>, 232 F.R.D. 625 (C.D. Cal. 2005); <u>Morin v. Nationwide Fed. Credit Union</u>, 229 F.R.D. 362, 363 (D. Conn. 2005); <u>Armsey</u>, 184 F.R.D. at 571–72.

travel costs seem inevitable regardless of whether the deposition takes place in South Carolina or in the United Kingdom. The Court recognizes that requiring all the lawyers to travel to the United Kingdom may be more expensive than requiring the parties to travel to Columbia; however, "the convenience of counsel is less compelling than any hardship to the witnesses." Morin v. Nationwide Fed. Credit Union, 229 F.R.D. 362, 363 (D. Conn. 2005) (quoting Devlin v. Transp. Commc'n Int'l Union, Nos. 95 Civ. 0752 JFK JCF, 95 Civ. 10838 JFK JC, 2000 WL 28173, at *4 (S.D.N.Y. Jan. 14, 2000)). Additionally, considering the amount of damages sought, the complex nature of the claims, and the number of named defendants, Plaintiffs likely anticipated that litigation costs would be significant.

Earlam submitted an affidavit stating that requiring him to travel to South Carolina would significantly disrupt his personal and business affairs, including the affairs of Plexus. Earlam's affidavit also states that he has had no business interests or need to travel to South Carolina since the demise of Debtor. Plaintiffs did submit evidence that Earlam traveled to Columbia as late as September, 2008.[5] Nonetheless, the proper inquiry is not whether the deponent travels often or used to travel to the forum, but "whether the deponent frequently *travels* to the forum district or the proposed deposition situs." In re Outsidewall Tire Litig., 267 F.R.D. at 437 (emphasis added). The Court has not been presented with any evidence that Earlam presently travels to South Carolina or has traveled to the state since his trip in late 2008.

Regarding the number of corporate defendants to be deposed, Mark English and Laurence Kirby are both named Defendants and Plexus executives who work and reside in Liverpool, United Kingdom. Defendants additionally contend that Plaintiffs have expressed a

---

[5] Subsequent to a hearing on the Motion, Plaintiffs moved to supplement the record in order to admit various exhibits, which showed that Earlam had traveled to Columbia, South Carolina numerous times between 2001 and September, 2008. Defendants' filed a response thereto and objected. Despite Defendants' objection, the Court granted Plaintiffs' Motion to Supplement the Record.

need to depose additional foreign witnesses associated with Hong Kong and German entities.[6]

However, Plaintiffs' memorandum filed in opposition to the Motion states that they have "made

no decisions regarding whether they will depose additional overseas witnesses," and Plaintiffs'

counsel stated at the hearing that they have agreed to take the depositions of English and Kirby

via video.  Given the uncertainty of Plaintiffs' intentions regarding future depositions, the Court

finds that the number of corporate representatives who need to be deposed weighs in favor of

Defendants.

Last, the equities and likelihood of discovery disputes do not tip the scales enough in

Plaintiffs' favor to overcome the general presumption.  The Court finds that some discovery

disputes are likely to arise considering that the parties were unable to reach an agreement as to

where Earlam's deposition should take place.  However, it appears that the parties have

stipulated that the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure

will apply to the depositions of any foreign defendants, and the time difference between South

Carolina and Liverpool will not prevent the parties from petitioning the Court for guidance when

necessary.  As to the equities, the Court notes that Defendants have not filed any counterclaims

and that that Debtor's filing of bankruptcy in South Carolina did not compel Plaintiffs to bring

this adversary against the non-debtor Defendants before this Court.  Plaintiffs' counsel argued at

the April 3 hearing that Earlam's conduct, which gave rise to this adversary, weighs in favor of

holding his deposition in South Carolina.[7]  While wrongful conduct that has been admitted could

weigh in favor of forcing a non-resident defendant to be deposed in the forum district, it would

---

[6] Plaintiffs have filed a Notice of Intent to Conduct Foreign Non-Party Depositions of witnesses that are located in
Hong Kong and Germany.  However, this Notice states that the necessity of these foreign deponents cannot be
determined until all domestic discovery is completed.

[7] Over forty exhibits were submitted at the hearing that include various emails sent by Earlam and some of the other
Defendants and allegedly show the wrongful conduct that caused Plaintiffs' losses.

be inappropriate for mere civil allegations to control where a defendant's deposition is to take place when those allegations have been denied.

## <u>CONCLUSION</u>

In sum, the Court finds that Plaintiffs have not overcome the presumption that Defendant Nicholas Earlam should be deposed as an individual and as a representative of Plexus Cotton, Ltd. in Liverpool, United Kingdom.  The circumstances of this case are not sufficiently peculiar to warrant an alternative finding.  As a result, Defendant Nicholas Earlam's Motion for a Protective Order is granted.  Earlam's deposition is it to take place in Liverpool, United Kingdom at a time to be agreed upon by the parties involved and in accordance with any scheduling order and amendments thereto entered by the Court.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**04/13/2012**



John E. Waites

Chief US Bankruptcy Judge
District of South Carolina

Entered: 04/13/2012

John E. Waites